IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY REED,<br><br>               *Plaintiff,*<br><br>    v.<br><br>DET. EDWARD KEPPOL, et al.,<br><br>               *Defendants.* | CIVIL ACTION<br>NO. 18-03266 |

**PAPPERT, J.**                                                                                                             January 27, 2020

<u>**MEMORANDUM**</u>

Danny Reed filed a § 1983 civil rights claim against Philadelphia Police Department Detectives Ronald Palumbo, Edward Keppol and Paul Guercio. He alleges they violated his Fourth Amendment rights by using excessive force when arresting him for robbing and shooting another man. Trial begins on February 4, 2020 and Reed has filed a Motion *in Limine* to exclude evidence of his prior convictions, his current incarceration, and video surveillance of the robbery and related crimes for which he was arrested and ultimately convicted. The Court heard oral argument on January 22, 2020 and for the following reasons grants in part and denies in part the Motion.

I

A

Reed seeks to exclude evidence of his 2019 convictions under Federal Rules of Evidence 609(a)(1)(A), 403 and 404(b). (Pl.'s Mot. in Limine ("Pl.'s Mot.") 3, ECF No. 42.) The 2019 convictions stem from the robbery and shooting that led to the arrest at issue in Reed's excessive force claim. *See* (*id.* at 6). At oral argument, however, Reed's

1

counsel represented to the Court that he will inform the jurors of the 2019 convictions for robbery, aggravated assault, possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public and possessing instruments of a crime. *See* (Jan. 22, 2020 Hr'g Tr. 7:2–3, ECF No. 57; Reed Court Summary, Pl.'s Mot., Ex. A., ECF No. 42-2). The Court accordingly need not address the admissibility of these convictions and denies this portion of the Motion as moot.

B

Reed also asks the Court to exclude evidence of his convictions from 1997 and 2002 for robbery, possessing instruments of a crime, knowing/intentionally possessing a controlled substance, simple assault and escape. *See* (Pl.'s Mot. 3; Reed Court Summary, Ex. A). The Court grants the Motion, which Defendants do not oppose unless Reed "opens the door" to such evidence. (Defs.' Resp. Opp. Mot. in Limine ("Defs.' Resp.") 2, ECF No. 44.)

Should Defendants seek to admit these convictions to impeach Reed's character for truthfulness, Rule 609(b) applies because more than ten years have passed since the conviction or date of release from confinement. *See* (Reed Court Summary, Ex. A). None of the convictions involve elements of dishonesty and are inadmissible under Rule 609(b) because their probative value does not substantially outweigh the prejudicial effect. *See* Fed. R. Evid. 609(b)(1). If Defendants seek to admit the convictions for other purposes, however, the Court will handle that issue as necessary at trial.

II

In his Motion, Reed argues that the Court should exclude evidence of his current incarceration because it is unfairly prejudicial. *See* (Pl.'s Mot. 9.) Again, his counsel

now intends to tell the jurors of the convictions for which he is currently serving time and acknowledges that the jurors may well assume that Reed is in prison for those crimes. *See* (Jan. 22, 2020 Hr'g Tr. 7:2–3). As a result, excluding evidence of Reed's incarceration is now less of a concern for him. *See* (*id.* at 9:7–16.) Jurors, of course, will make their own assumptions at trial. But to the extent that Defendants seek to introduce evidence of Reed's incarcerated status, the Court will not allow it.

For evidence to be admissible it must be relevant, which requires any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence of Reed's incarceration is not relevant to the facts and circumstances at issue, such as the severity of his crimes, the possibility Reed was armed, whether Reed was actively resisting arrest or attempting to evade the Detectives, whether Reed posed an immediate threat to the Detectives, or whether the Detectives applied physical force to an extent that would lead to unnecessary injury. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (listing factors to consider in an excessive force claim). The only conceivable purpose for revealing to the jury that Reed is currently in the hoosegow would be to portray him as a criminal.

III

Reed also asks the Court to exclude a surveillance video depicting him robbing and shooting another person—actions which led to the arrest and 2019 convictions. (Pl.'s Mot. 9.) He argues that the video should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of "inflam[ing] the jury's passions and creat[ing] insurmountable prejudice." (*Id.* at 9–10.) At oral argument, defense counsel maintained that the video should be admitted because it shows the

3

level of force Reed used during the robbery and is therefore relevant to demonstrate what the Detectives reasonably expected to encounter from Reed when arresting him. *See* (Jan. 22, 2020 Hr'g Tr. 16:6–10).

Under Rule 403, the Court may exclude relevant evidence if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The video carries little probative value because the jurors will already know about Reed's 2019 convictions and there is no evidence that the Detectives viewed the video prior to arresting Reed. (Jan. 22, 2020 Hr'g Tr. 23:8–10.) Rather, the Detectives learned about the severity of the crime and the possibility that Reed was armed through interviews with the robbery victim and his wife. The video's weak probative value is substantially outweighed by the danger of unfair prejudice and confusing the jury. Showing the video could lead the jury to decide the case based on negative or inflamed emotions after witnessing Reed rob and shoot someone. The video may also confuse the jury about the issues in this case; the issue at trial relates to the Detectives' use of force—not the violence Reed unleashed on his victim.

Should Reed deny his involvement in the shooting or robbery, Defendants may impeach by contradiction through other means, such as evidence of his 2019 convictions. *See, e.g.*, *United States v. Gilmore*, 553 F.3d 266, 272 (3d Cir. 2009) (allowing impeachment by contradiction through the use of prior convictions and minimizing prejudice by not allowing the government to enter the judgment into evidence unless the witness denied the conviction).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.